**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2037<br>NEWARK, NJ 07101<br>973-297-4887 |

October 11, 2019

**LETTER ORDER**

Re:   *Castaldo v. State of New Jersey, et al.*
      **Civil Action No. 18-14249 (ES) (JAD)**

Dear parties:

     Mr. Frank Castaldo (or "Plaintiff") commenced this action on September 24, 2018, filing a complaint in which he purported to represent both himself and "approximately forty Organic Pagans in the New Jersey prison system and six Organic Pagans outside of prison." (D.E. No. 1, Compl. ¶ 1). As Mr. Castaldo was proceeding *pro se*, and therefore could not represent a putative class, *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners."), the Court finds that he was the only plaintiff in the case at the time. On July 9, 2019, Plaintiff filed a motion for leave to amend his pleading, in which he sought, among other things, to add several other named plaintiffs. (D.E. No. 20-2). That application remains pending and Mr. Castaldo thus remains the sole plaintiff in this matter. On September 3, 2019, William Duncan, one of the proposed additional plaintiffs, filed an application for injunctive relief. (D.E. No. 24). That application also remains pending.

     On September 27, 2019, Mr. Castaldo filed a motion seeking to withdraw his claims in this case. (D.E. No. 26). Mr. Castaldo represented that he sought to do so because he feared reprisals from prison officials. (D.E. No. 26, Dec. in Support ¶¶ 1–2). Mr. Castaldo asked that the Court "allow the case to proceed with the other named plaintiffs." (D.E. No. 26, Motion to Withdraw at 1). Kevin Planker, whom Mr. Castaldo sought to add as a named plaintiff in the aforementioned motion to amend, has offered to "take over as the lead plaintiff if the [C]ourt permits Castaldo to withdraw from the case." (D.E. No. 26, Planker Decl. ¶ 3). The Court reiterates, however, that there is no putative class and, at this juncture, there is only one named plaintiff: Frank Castaldo.

     If Mr. Castaldo wishes to withdraw his claims, Federal Rule of Civil Procedure 41(a)(1)(i) affords him the right to do so. That Rule provides, in pertinent part, that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). In this case, no defendants have answered or filed motions for summary judgment, and Plaintiff may, therefore, voluntarily dismiss his claims under Rule 41(a)(1)(i). The Court will deem his "Notice of Motion to Withdraw" as a notice of voluntary dismissal under that Rule. Pursuant to Rule 41(a)(2), that dismissal will be **without prejudice** to Plaintiff's right to re-file his claims, if appropriate, at a

later date.  Moreover, as the other individuals who sought to join in Mr. Castaldo's proposed amended complaint are not parties to this matter, the dismissal will be without prejudice to their respective rights to file actions on their own behalf.  The Clerk of the Court shall close this case, and both Mr. Castaldo's motion to amend and Mr. Duncan's application for a preliminary injunction (D.E. Nos. 20 & 24) will be denied, without prejudice, as moot.

**SO ORDERED.**

> *s/Esther Salas*
> **Esther Salas, U.S.D.J.**